HERSEY, Chief Judge.
We have for review a non-final order requiring appellant corporation through its stockholders, Lanny Horwitz and Carl A. Sax, “to reissue stock certificates reflecting the individual ownership of shares in PALM COURT, INC. by Carl A. Sax and Lanny Horwitz and deliver said certificates to counsel for the Unit Owners, [appel-lees]....”
There are several problems with this order. For one, it has not been established that Horwitz and Sax are presently the owners of the stock. More importantly, however, the proceeding below is one for discovery in aid of execution under rule 1.560, Florida Rules of Civil Procedure. While the trial court, in appropriate proceedings, has the power to order the corporation to reissue stock certificates, the order is simply not an appropriate function of discovery procedures.
We note in passing that in their affidavit, appellants do not claim that Sax and Hor-witz do not own stock in Palm Court, Inc., nor have they claimed that such stock does not exist. They do not even claim to be unaware of the whereabouts of the stock certificates. Thus, their response to an earlier Order on Request For Production was woefully inadequate and sanctions may be in order; further compelled discovery most certainly is. Nonetheless, in the present posture of the case we are required to reverse the non-final order and remand for further proceedings.
REVERSE and REMAND.
DOWNEY and POLEN, JJ., concur.